39 C.C.P.A.(Patents)
### CONSOLIDATED COSMETICS, etc. v. HOLIDAY, Inc.

Patent Appeal No. 5885.

United States Court of Customs and Patent Appeals.

Argued May 5, 1952.

Decided May 28, 1952.

James R. McKnight and Robert C. Comstock, Chicago, Ill., for appellant.

Sylvester J. Liddy, New York City, for appellee.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and JACKSON (retired), Judges.

GARRETT, Chief Judge.

This is an appeal from the decision of the Commissioner of Patents, speaking through an Examiner-in-Chief, who is a member of the Board of Appeals [1] of the United States

I. The hearing and determination of appeals to the Commissioner of Patents in trade-mark cases were delegated to the members of the Board of Appeals of the Patent Office by an order of the Secretary of Commerce, published September 28, 1950, 15 Federal Register 6554, and October 17, 1950, 639 O.G. 643, amended January 30, 1951, 16 Federal Register 1094, under the provisions of Reorganization Plan No. 5 of 1950, 5 U.S.C.A. following section 133z–15, 15 Federal Register 3174.

Patent Office, in a trade-mark cancellation proceeding, affirming the decision of the Examiner of Trade-Mark Interferences dismissing appellant's petition for the cancellation of appellee's registration of the word "TOBRUK" as a trade-mark for use on cologne, toilet water, and perfume. 89 USPQ 84.

The following stipulation of facts was entered into by counsel for the respective parties and approved by the Examiner-in-Chief, speaking for the Commissioner:

"It is hereby stipulated and agreed by and between the parties hereto through their respective counsel, the Hon. Commissioner of Patents consenting, pursuant to Rule XXV 3.(e) of the Rules of the United States Court of Customs and Patent Appeals [35 U.S.C.A.] that the following constitute the facts of the above entitled case, the questions raised on appeal and the evidence necessary to a decision of such questions:

"1. Petitioner [appellant here] is the owner of trade mark registrations Nos. 314,493 of July 3, 1934 and 407,-797 of June 27, 1944 for the trade mark TABU for cosmetics, including cologne, toilet water and perfume.

"2. Respondent [appellee here] is the owner of trade mark registration No. 415,162 issued July 10, 1945 for the trade mark TOBRUK for cologne, toilet water and perfume.

"3. Petitioner is the prior user and registrant as between the parties to this proceeding.

"4. The only evidence necessary to a decision of such questions is the foregoing statement of facts and copies of the above named registrations.

"5. The questions raised on appeal are set forth in petitioner's Notice of Appeal to this Court.

"6. The record herein need include only this statement, petitioner's Notice of Appeal to this Court, copies of the above registrations and the decisions of the Examiner of Interferences and the Commissioner of Patents."

In the brief for appellant it is said:

"The only questions to be decided in this case is whether the trade marks TABU and TOBRUK are confusingly similar when used on identical cosmetic preparations."

In the brief for appellee it is said:

"The sole question to be decided on this appeal is whether the trade marks 'TOBRUK' and 'TABU', as shown in their respective certificates of registration, are confusingly similar when used on identical goods and whether there was error below in holding that they were not."

It is our view that there is no similarity of any character between "TOBRUK" and "TABU" which would be likely to cause confusion as to the origin of the goods. As trade-marks they are arbitrary terms and have no similarity of meaning. When properly pronounced, as for example, through the medium of radio they do not sound alike. When observed in written or printed form they have no similarity of appearance.

It is true that there are certain letters of the alphabet common to both words, but appellant's argument that certain letters of a particular word may be taken as dominant features of a trade-mark consisting of that word seems to us untenable. At any rate, it is not deemed applicable here.

The decision of the Commissioner is affirmed.

Affirmed.

O'CONNELL, J., dissents.